UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL INGRAM EL,<br><br>Defendant. | No. 2:17-mc-0083 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

On May 16, 2017, defendant Michael Ingram El filed a notice of removal of this action from the Sacramento County Superior Court along with a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Defendant is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The state court action concerns a traffic citation for failure to obey a posted sign issued to defendant on December 30, 2016. (ECF No. 1 at 20-21.)

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564,

1

566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087. Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In this regard, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

////

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, 28 U.S.C. § 1443 allows for the removal of a state law action when a person is being denied "equal" civil rights and cannot enforce those rights in the state courts. 28 U.S.C. § 1443(1). Removal under § 1443(1) requires a defendant to satisfy a two-part test: (1) defendant "must assert, as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights;" and (2) defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (internal citation omitted).

As noted above, defendant is attempting to remove to this court an action concerning a traffic citation issued to defendant. (ECF No. 1 at 20-21.) However, "a traffic infraction . . . does not present diversity or federal-question jurisdiction." Chase v. People, No. C 97-3696 CRB, 1998 WL 241551, at *3 (N.D. Cal. May 6, 1998); see also Juiad v. Pringle, No. CIV S-11-0563 KJM DAD PS, 2011 WL 5526074, at *1 (E.D. Cal. Nov. 14, 2011) ("the suggestion that there is federal question jurisdiction over a dispute involving a traffic citation is patently frivolous and it is clear that the action cannot be properly removed to this court"); Burditt v. City of Austin Mun. Court, No. A-10 CA-444 SS, 2010 WL 2674564, at *1 (W.D. Tex. July 2, 2010) ("there is no federal question jurisdiction over the municipal court case—a case where the City of Austin is

enforcing a traffic citation—so Mr. Burditt cannot properly remove it to this Court").

Moreover, defendant's notice of removal does not, and cannot, satisfy the requirements of 28 U.S.C. § 1443. See Azam v. U.S. Bank, N.A., 690 Fed. Appx. 484, 486 (9th Cir. 2017) ("Although Azam's removal petition cites various state laws, it does not and could not explain how those laws commanded the state court to ignore her civil rights. It follows that the bankruptcy court was correct to remand the unlawful detainer action.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's May 16, 2017 motion to proceed in forma pauperis (ECF No. 2) be denied;

2. This action be summarily remanded to the Sacramento County Superior Court; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/california0083.removal.den.f&rs

4